IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51093
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RONNIE SALAZAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-65-ALL
--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Ronnie Salazar entered a conditional plea to a charge of

being a felon in possession of a firearm, reserving his right to

appeal the denial of his motion to suppress the fruits of an

inventory search of his vehicle.  In reviewing the denial of a

motion to suppress, we accept the district court's findings of

fact unless clearly erroneous, but review de novo the conclusion

as to the constitutionality of the police action.  United States

v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993).

     Salazar argues that the inventory search was not valid

because it had an investigatory purpose.  An inventory search of

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

an impounded vehicle may be made without a warrant.  <u>United States v. Staller</u>, 616 F.2d 1284, 1289 (5th Cir. 1980).  The facts in this case do not support an accusation that the inventory search was merely a ruse to justify an investigatory search.  <u>See</u> <u>Florida w. Wells</u>, 495 U.S. 1, 4-5 (1990).  Officer Nogle testified at the suppression hearing that he looked for evidence as well as for objects of value while performing the inventory search.  Salazar's argument, that any investigatory purpose automatically invalidates an inventory search, is not supported by the case law.  "[I]f an inventory search is otherwise reasonable, its validity is not vitiated by a police officer's suspicion that contraband or other evidence may be found."  <u>Staller</u>, 616 F.2d at 1290 (quoting <u>United States v. Prescott</u>, 599 F.2d 103, 106 (5th Cir. 1979)).

Salazar also contends that the inventory search was invalid because it was not conducted according to standard procedures.  Although Officer Nogle could not quote the inventory-search policy, he testified that the policy was to remove all items of value from a vehicle to be impounded and to list those items in his report.  After arresting Salazar and placing him in the patrol car, Officer Nogle proceeded to search the vehicle prior to its being impounded.  Salazar fails to show that the search was not covered by the inventory policy, as articulated by Nogle.  The district court did not err in finding that the inventory search was valid and did not err in denying the motion.

AFFIRMED.